UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMMY NARANJO,

    Petitioner,

v.                               Case No: 5:12-cv-466-Oc-29PRL

WARDEN, FCC COLEMAN - USP II,

    Respondent.
_____

## ORDER OF DISMISSAL

This case is before the Court upon review of Sammy Naranjo's ("Petitioner's") habeas corpus petition and supporting memorandum filed pursuant to 28 U.S.C. § 2241 (Doc. 1; Doc. 2). At the time he filed the petition, Petitioner was an inmate confined at the Federal Correctional Institution in Coleman, Florida.[1] He brings this action to challenge a term of supervised release imposed by the United States District Court of the Western District of Texas after he pleaded guilty in 1999 to numerous drug possession, money laundering, and conspiracy charges. See Doc. 2 at 43-66; W.D. Tex. No. 5:98-cr-00060-OLG-2 at docket entry 554. Respondent filed a response to the petition, arguing that it should be dismissed as an improper filing under 28 U.S.C. § 2241 (Doc. 8). Petitioner did not file a reply.

---

[1] A review of the Federal Bureau of Prisons' website indicates that Petitioner was released from its custody on September 2, 2014. See http://www.bop.gov/inmateloc/.

Upon consideration of the issues and the pleadings filed in this case and in Petitioner's underlying criminal case, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

**I.   Background**

After pleading guilty to a total of thirty-five counts of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1); conspiracy to launder money in violation of 18 U.S.C. § 1956(h); laundering of monetary instruments and aiding and abetting in violation of 18 U.S.C. §§ 1956(a)(1) and (2); and uttering false statements in violation of 18 U.S.C. § 1001, Petitioner was sentenced to 216 months in prison followed by ten years of supervised release on the drug conspiracy charge and a concurrent term of three years of supervised release on the remaining charges (Doc. 8-1 at 2; Doc. 2 at 56, 63).

Petitioner did not file a direct appeal. See W.D. Tex. No. 98-cr-60-OLG-2; Naranjo v. Daniels, No. 11-cv-01024-BNB, 2011 WL 3420614 (D. Colo. Aug. 3, 2011).  Neither did Petitioner file a motion under 28 U.S.C. § 2255 challenging the imposition of supervised release. Id.[2]

---

[2] Petitioner did file a motion for resentencing in his underlying criminal case in which he argued that the court should reduce his drug trafficking sentence in light of United States v. Booker, 543 U.S. 220 (2005) (invalidating portions of the U.S.

While incarcerated in Colorado in 2011, Petitioner filed a 28 U.S.C. § 2241 petition challenging the sentencing court's authority to convict him on a superseding indictment. Naranjo, 2011 WL 3420614 at *1. Petitioner did not raise the instant sentencing claim in this first § 2241 petition. The Colorado district court dismissed the petition because Petitioner had not established that § 2255 was inadequate or ineffective to test the legality of his detention. Id. at *2.

Petitioner filed the instant 28 U.S.C. § 2241 petition on August 20, 2012 (Doc. 1). Petitioner asserts that he is attacking the execution of his sentence rather than its validity because the Bureau of Prisons lacks authority to enforce the term of supervised release improperly imposed by the district court. Id. at 5. Specifically, Petitioner argues that his plea agreement did not provide for a term of supervised release. Id. at 7.

Pursuant to this Court's order (Doc. 7), Respondent filed a response to the petition (Doc. 8). Respondent asserts that this Court lacks jurisdiction to consider Petitioner's claim because, contrary to his assertion otherwise, "his petition challenges the

---

Sentencing Guidelines and holding that the guidelines are advisory rather than mandatory). See W.D. Tex. No. 98-cr-60-OLG-2 at docket entry 811. The district court construed the pleading a motion to modify or reduce sentence under 18 U.S.C. § 3582 (W.D. Tex. No. 98-cr-60-OLG-2 at docket entry 811). The district court denied the motion "[b]ecause Booker does not apply retroactively [and] it is not a basis for modification of sentence or relief under 28 U.S.C. § 2255." Id. at docket entry 814.

validity of the sentence the district court imposed" and should have been raised on direct appeal or in a 28 U.S.C. § 2255 motion. Id. at 4.

## II. Analysis

### A. Petitioner challenges the validity of the sentence imposed by the district court

Petitioner argues that he should not have to serve a term of supervised release because such was not contemplated in his original plea agreement (Doc. 2 at 15). Ordinarily, an action in which an individual seeks to collaterally attack his sentence should be filed as a motion under 28 U.S.C. § 2255 in the district of conviction 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution, not the validity, of his sentence. See Antonelli v. Warden, USP Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008) ("A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.").

Petitioner asserts that his use of § 2241 is proper in this case because he challenges the execution of his sentence (Doc. 1 at 7; Doc. 2). He reasons that because the imposition of supervised release by the district court was contrary to the terms

of his plea agreement, the court erred when it sentenced him to a term of supervised release (Doc. 1 at 7). Therefore, argues Petitioner, the Bureau of Prisons "has no authority to impose any term of supervised release[.]" Id. This Court disagrees with Petitioner's reasoning. His quarrel is clearly with the sentencing court rather than the Bureau of Prisons.

It is the district court, not the Bureau of Prisons, which imposed a term of supervised release on Petitioner. See Doc. 8-1 at 4 ("Judgment in a Criminal Case" providing for a term of supervised release); Doc. 2 at 63 (transcript of sentencing hearing ordering a term of supervised release); Doc. 2 at 54 (transcript of plea colloquy in which the district court explains to Petitioner that "it is mandatory that [Petitioner receive] a minimum of six years of supervised release in addition to any other imprisonment."). The Bureau of Prisons lacks the power to alter a sentence, and "must administer the terms of imprisonment as imposed by the sentencing court." Reed v. Cheatman, 601 F. App'x 854, 859 (11th Cir. 2015). Thus, any challenge to the district court's imposition of supervised release is necessarily an attack on the legality of Petitioner's sentence. A 28 U.S.C. § 2255 motion, not a § 2241 petition, is the appropriate vehicle for such a collateral attack. Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 27, 1981) (attacks on the underlying validity of a

conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[3]

**B. Petitioner is not entitled to pursue § 2241 habeas relief under 28 U.S.C. § 2255(e)**

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of § 2255(e) is referred to as the "savings clause." The petitioner bears the burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated requirements a

---

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

petitioner must meet in order to proceed with a § 2241 petition raising sentencing claims under the savings clause. The petitioner must establish that: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent specifically addressed, and squarely foreclosed, his sentencing claim; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned this circuit precedent; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; and (4) as a result of the new rule's retroactivity, Petitioner's current sentence exceeds the statutory maximum authorized by Congress. Bryant, 738 F.3d at 1274.

Petitioner has not demonstrated that he satisfies any of the Bryant factors. Despite being aware of the imposition of supervised release, Petitioner did not dispute such at his sentencing, on direct appeal, or in § 2255 motion. He has not cited a single United States Supreme court case, much less one held to be retroactively applicable to cases on collateral review, which overturned circuit precedent that foreclosed him from properly raising this claim. See generally Doc. 2 (arguing only that the district court erred under circuit precedent by imposing a term of supervised release when a specific sentence was specified in his plea agreement). Nor has Petitioner asserted that he was sentenced in excess of the statutory maximum for the crimes to which he pleaded guilty.

Because Petitioner has not satisfied the Bryant factors, he may not pursue habeas corpus relief under 28 U.S.C. § 2255(e), and he cannot bring his claims under § 2241.

### III. Conclusion

Because Petitioner challenges only the validity of his sentence and cannot satisfy Bryant's savings clause requirements, he cannot bring this claim under 28 U.S.C. § 2255(e), and this Court lacks jurisdiction to consider his petition.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 petition filed by Sammy Naranjo (Doc. 1) is **DISMISSED** as an improper filing under § 2241.

2. The **Clerk of Court** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___17th___ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Sammy Naranjo
Counsel of Record